UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY COLE,

    Plaintiff,                                    CIVIL ACTION NO. 07-12693

v.                                         DISTRICT JUDGE JULIAN ABLE COOK
                                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light and sedentary work.

\*   \*   \*

Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on November 26, 2001[1], alleging that he had been disabled and unable to work since February 10, 2001, at age 36, due to heart disease (TR1, 46-47)[2]. Benefits were

---

[1] Plaintiff filed an earlier application for SSI benefits in January 2001, alleging that he was disabled as a result of heart disease. The application was initially denied by the SSA, and not pursued further.

[2] Before the court are two transcripts, which have been numbered independently of each other. The first transcript contains the record from Plaintiff's earlier applications for SSI benefits before ALJ Blatnik and contains 650 pages. These 650 pages will be referred to as TR1. The second transcript contains the record from the claimant's most recent application for SSI benefits before ALJ Hartman and consists of 754 pages. This transcript will be referred to as TR2.

**1**

denied by the Social Security Administration (SSA). A requested de novo hearing was held on May 20, 2003, before Administrative Law Judge (ALJ) Lawrence Blatnik. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge found that the claimant had to avoid exposure to humidity, fumes, odors, gas, dust, temperature extremes and loud noise. The ALJ concluded that the claimant should also avoid moving machinery and exposure to heights (TR1, 21-22).

While the Appeals Council's review of ALJ Blatnik's decision was still pending, Plaintiff filed another application for SSI benefits on January 5, 2004. The claimant alleged that he had been disabled and unable to work since February 10, 2001, at age 36, due to heart disease, seizures and diabetes (TR2, 40-42). Benefits were denied by the SSA. A requested de novo hearing was held on May 10, 2006, before Administrative Law Judge (ALJ) Patricia Hartman. Confining her decision to the period after October 23, 2003, ALJ Hartman indicated that ALJ Blatnik's earlier decision covered the period between January 24, 2001 and October 22, 2003 (TR2, 13). ALJ Hartman found that the claimant was not entitled to SSI disability benefits after October 2003, because he retained the ability to perform a restricted range of sedentary work.

On May 17, 2007, the Appeals Council declined to review the respective decisions of ALJs Blatnik and Hartman (TR1, 6-8, TR2, 5-7). Plaintiff then commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether the Commissioner's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 42 years old at the time of the administrative hearing before ALJ Hartman (TR2, 723). He had a ninth grade education, and had been employed as a laborer, restaurant shift manager and restaurant crew worker during the relevant past (TR1, 60, 65, 88, TR2, 724). As a restaurant shift manager, he was required to remain on his feet for most of the workday. He constantly had to handle, grip and manipulate large and small objects. He had to lift up to 25 pounds on a regular basis (TR1 88).

Plaintiff stopped working in February 2001, due to heart problems (TR2, 725, 727). The medical record revealed that he had a heart attack in October 2002 (TR1, 537). Plaintiff testified that he remained disabled as a result of coronary artery disease, diabetes, a seizure disorder, obesity, shortness of breath and mental depression (TR2, 727-728). The claimant estimated that he could sit and stand for about 30 minutes, lift 5 pounds and walk less than a block (TR2, 727, 731). He allegedly became short of breath upon exertion, yet he continued to smoke about five cigarettes a day (TR2, 729, 735). Plaintiff stated that he needed help with his personal care, and that he was unable to perform household chores (TR2, 737-738).

The claimant explained that his poor physical condition has caused him to become depressed (TR2, 732). Plaintiff explained that he often locked himself in his room and just stared at the wall due to depression (TR2, 741). He stated that he did not watch television because he was unable to concentrate well enough to follow the programs (TR2, 733). Plaintiff's wife testified that her husband suffered frequent seizures while he slept. She indicated that the claimant's memory was impaired for about 6 hours after a seizure (TR2, 746-747).

A Vocational Expert, Heather Benton, appeared at the most recent administrative hearing. She classified Plaintiff's past work as light to medium, unskilled activity (TR2, 745). The witness testified that there would not be any jobs for claimant to perform if his testimony were fully accepted[3] (TR2, 749). If he were capable of light work activity, however, there were numerous inspection, packaging, sorting and equipment cleaner jobs that he could perform with minimal vocational adjustment (TR2, 748-749). These jobs were not considered stressful, and did not involve meeting production quotas or making independent decisions. They were performed in clean air environments, and did not expose the worker to temperature extremes, loud noises, unprotected heights or dangerous machinery (TR2, 748). If Plaintiff was restricted to sedentary work, the VE testified that were numerous unskilled inspection, hand packaging, sorting and administrative support jobs that he could perform even with a limited education and poor math skills (TR2, 749).

ALJ BLATNIK'S DETERMINATION (covering period 1/01 thru 10/03)

Administrative Law Judge Blatnik found that Plaintiff was impaired as a result of coronary artery disease, a history of myocardial infarction, a seizure disorder and diabetes mellitus, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's difficulties prevented him from work requiring him to sit or stand for prolonged periods, or to be exposed to moving machinery and unprotected heights. The Law Judge found that the claimant had to avoid exposure to humidity, fumes, odors, gas, dust, temperature extremes and loud noise. ALJ Blatnik determined that the claimant retained the residual

---

[3]The witness testified that claimant's alleged need to lock himself in his room and stare at the wall several times a week would preclude all work activity (TR2, 749).

functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

ALJ HARTMAN'S DETERMINATION (covering period 10/03 thru 1/07)

Administrative Law Judge Hartman found that Plaintiff was impaired as a result of coronary artery disease, diabetes mellitus, obesity, stent placements post myocardial infarction, chronic obstructive pulmonary disease and a depressed mood, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's difficulties prevented him from work requiring him to climb ladders/ropes/scaffolds, or to be exposed to moving machinery and unprotected heights. The Law Judge found that the claimant had to avoid exposure to fumes, odors, gas, dust, temperature extremes and loud noise. She further restricted claimant to simple, unskilled work that did not involve initiative, frequent work changes, independent decisions, production quotas, or keeping pace with co-workers. ALJ Hartman determined that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See

5

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff challenges the decisions of both ALJs, claiming that neither is supported by substantial evidence. He maintains that the ALJs should have found him disabled at step three, since his seizure disorder and coronary artery disease were severe enough to meet the Listing of Impairments. The claimant further argues that the ALJs improperly rejected the opinions of two treating physicians; failed to properly assess his credibility; did not take into account his wife's testimony; failed to consider his obesity; and did not evaluate the combined effect of his multiple impairments on his ability to work. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light and

sedentary work[4] because the objective clinical evidence of record did not confirm the disabling nature of his heart condition, pulmonary problems or mental depression.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, non-stressful, light and sedentary work performed in a clean air environment

---

[4]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities. If someone can do light work, the Commissioner will find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b) (2008).

providing a sit-stand option with no exposure to moving machinery or dangerous heights. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of a totally disabling heart condition, breathing difficulties, joint pain or emotional problems.

The medical record revealed that Plaintiff's heart condition was not severe enough to meet or equal section 4.04C of the Listing of Impairments. Since the claimant does not even attempt to demonstrate the requisite level of blockage in his coronary arteries to meet section 4.04C, he presumably is arguing for equivalence to the listing. However, §4.04C still requires "very serious" limitations in his ability to initiate, sustain, or complete activities of daily living. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 4.04C.

As both ALJs observed, Plaintiff's activities of daily living were not limited. ALJ Blatnik noted that the claimant acknowledged in 2001 that he was able to climb stairs without difficulty, grocery shop, cook and care for his personal hygiene (TR1, 96-97). Plaintiff's wife indicated that her husband played cards, visited friends, went hunting, worked on cars, socialized with friends and went to the movies (TR1, 104). ALJ Hartman similarly found that Plaintiff was able to prepare meals, care for his personal needs, help around the house and visit with friends and relatives (TR2, 16, 434). Substantial evidence existed on the record that Plaintiff's heart disease was not severe enough to either meet or equal the Listing of Impairments.

Plaintiff's seizure disorder was also not severe enough to meet or equal section 11.03 of the Listing of Impairments. Significantly, the claimant concedes that he "has no convulsive seizures with the current medication and is considered stable." (See p.17 of Plaintiff's Brief in support of Summary Judgment). Contrary to Plaintiff's assertion, the testimony given by Plaintiff's wife, concerning the existence of his night-time seizures, was

not entitled to special weight, since a treating neurologist declared the seizures to be under "good control" (TR2, 566). Plaintiff cannot show that these seizures, which occurred only while he slept (TR2, 728), significantly interfered with his day-time activities so as to meet or equal section 11.03 of the Listing of Impairments.

The claimant argues that the ALJs did not properly assess his obesity, but he failed to indicate how his obesity interfered with his ability to perform gainful activity. The ALJs restricted him to light and sedentary work that did not require prolonged standing, walking or frequent climbing. It is unclear how his obesity, which was not severe enough to meet the Listing of Impairments, could have been accommodated any further.

The ALJs also considered the combined effect of claimant's multiple impairments when evaluating his residual capacity. For instance, the ALJs took into consideration claimant's breathing difficulties by adopting the environmental restrictions imposed by treating sources. On the other hand, the ALJs did not have to impose restrictions caused by claimant's hypertension, diabetes and cholesterol because these conditions were found to be under control with medications and proper diet. The claimant testified that he locked himself in his room several times a week due to depression, but he never reported that fact to any of his medical sources.

Plaintiff relies heavily upon the fact that his family physician, Dr. Kevin Witt, and his cardiologist, Dr. Cathy Glick, opined, in separate questionnaires provided to them by claimant's counsel, that he was unable to perform the physical demands of light or sedentary work (TR1, 588-591, 593-595). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).

However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Witt and Glick offered little objective evidence to support their respective statements of disability[5], their opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony

---

[5]Contrary to Plaintiff's assertion, ALJs Blatnik and Hartman did not ignore the residual functional capacity evaluations of the treating doctors. For example, the doctors' lifting restrictions are entirely consistent with those imposed by both ALJs (TR1, 21-22, 590, 594, TR2, 17). Furthermore, both physicians indicated that the claimant was restricted in his ability to walk. ALJ Blatnik limited him to jobs that provided a sit-stand option, and ALJ Hartman restricted him to no more than 2 hours of walking a day. The ALJs also accommodated the postural and environmental restrictions imposed by the treating physicians. The ALJs properly rejected the overall disability conclusions from the treating physicians, setting forth persuasive reasons for doing so. The ALJs expressed concern about the lack of medical documentation to support the respective opinions. Most importantly, neither doctor bothered to provide underlying clinical notes or evidence to support their restrictions. Indeed, it appears the doctors' opinions, made on form reports, were primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, packaging, sorting, equipment cleaning and administrative support jobs that he could perform with minimal vocational adjustment (TR2, 748-749). These jobs were not considered stressful, and did not involve meeting production quotas or making independent decisions. They were performed in clean air environments, and did not expose the worker to temperature extremes, loud noises, unprotected heights or dangerous machinery (TR2, 748). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light and sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: May 20, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on May 20, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 20, 2008. **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217