UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY COLE,

        Plaintiff,

v.
                                         Case No. 07-12693

COMMISSIONER OF SOCIAL SECURITY,      Honorable Julian Abele Cook, Jr.

        Defendant.


ORDER

This is a case, in which the Plaintiff, Timothy Cole, has asked the Court to review the final decisions by the Defendant, Commissioner of Social Security, who rejected both of his applications for disability benefits.

I.

Cole filed the first of his two applications for Social Security Supplemental Security Income benefits on November 26, 2001. In this application, he claimed to have been disabled since February 10, 2001 due to a heart disease which precluded him from engaging in any meaningful employment. When this application was denied, Cole sought and ultimately obtained a *de novo* hearing before Administrative Law Judge Lawrence Blatnik on May 20, 2003. At the conclusion of the hearing, the administrative law judge determined that Cole was not entitled to receive any disability benefits because he had retained the ability to perform a restricted range of light work.

Thereafter, Cole made a formal request for a review by the Appeals Council. However,

1

before the Appeals Council rendered its decision, he filed another application for disability benefits on January 5, 2004. This petition - just like his first application - was denied. Cole's subsequent request for a hearing before an administrative law judge was granted. On May 10, 2006, Administrative Law Judge Patricia Hartman conducted a *de novo* hearing which covered only the time period after October 23, 2003.[1] Once again, Cole was informed that he was not entitled to any Social Security disability benefits because of his ability to perform a restricted range of sedentary work after the above-designated date in October 2003. On May 17, 2007, the Appeals Council declined his request to review the decisions by Administrative Law Judges Blatnik and Hartman.

A complaint to this Court followed on June 26, 2007. On January 12, 2008, Cole filed a motion for summary judgment, contending that neither of the final decisions were supported by substantial evidence. On May 1, 2008, the Commissioner filed a similar request for relief, expressing his support for the final decisions by the administrative judges. On May 20, 2008, Magistrate Judge Donald Scheer, to whom this case had been referred, submitted a report to the Court in which he recommended that (1) Cole's motion for summary judgment be denied and (2) the Commissioner's motion for relief under Fed. R. Civ. P. 56 be granted. On May 29, 2008, Cole filed a timely objection to the magistrate judge's report.

Both parties have now proffered motions for summary judgment pursuant to Fed. R. Civ. P. 56, both of which are now pending before this Court for a resolution of the contested issues.

II.

In his motion for summary judgment, Cole challenges the decisions by both of the

---

[1] In placing a limitation upon the scope of the *de novo* hearing, she pointed to the decision by her fellow-administrative law judge whose earlier ruling had applied to the period between January 24, 2001 and October 22, 2003.

administrative law judges whose decisions were, in his opinion, not supported by substantial evidence. It is his view that his seizure disorder and coronary artery disease were sufficiently severe to satisfy the Social Security Administration's Listing of Impairments. He also asserts that the two administrative law judges (1) rejected the opinions of two treating physicians without justification, (2) improperly assessed his credibility, (3) incorrectly assessed his wife's testimony, (4) failed to consider his obesity, and (5) neglected to evaluate the combined effect of his multiple impairments on his ability to work. The Commissioner disagrees by countering with the argument that Cole retains the residual functional capacity for a reduced range of light and sedentary work, noting that the objective clinical evidence of record does not confirm the claimed disabling nature of his heart condition, pulmonary problems, or mental depression.

In his report of May 20, 2008, Magistrate Judge Scheer addressed all of these claims that have been raised by Cole and found each of them to be without merit. He wrote, "In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence . . . to find otherwise." Thus, it was his recommendation that Cole's motion for summary judgment be denied and the request of the Commissioner be granted.

On May 29, 2008, Cole, feeling aggrieved, filed an objection to Magistrate Judge Scheer's report pursuant to 28 U.S.C. § 636(b)(1). In his objection, he claims that "[e]ven though closely reasoned, the Magistrate Judge's analysis is flawed in several respects." Specifically, Cole argues that (1) he "proved that his multiple medical conditions are of such a kind and severity that they could be expected to produce disabling pain" and (2) the opinions of his "treating physicians' are credible and based on their clinical experience with him and many objective medical tests."

3

III.

Final decisions of the Social Security Administration can be reviewed by this Court to ensure that they are supported by substantial evidence and were reached by using the proper legal standards. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla." *Kirk v. Sec'y*, 667 F. 2d 524, 535 (6th Cir. 1981). It is such relevant evidence that a reasonable mind might accept as being adequate to support a conclusion. *Id.* A reviewing court may not reverse the Commissioner's findings "merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The Court does not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

IV.

In his report, the Magistrate Judge Scheer addressed both of the issues that were raised by Cole in his objection. First, in addressing Cole's contention that his medical conditions "could be expected to produce disabling pain," the magistrate judge correctly noted that a claimant's subjective allegations of disabling pain when viewed in isolation are insufficient to support a claim of benefits. *Sizemore v. Sec'y*, 865 F.2d 709, 713 (6th Cir. 1988). He also found that "substantial evidence existed on the record supporting the commissioner's conclusion that [Cole] retained the residual functional capacity for a . . . range of . . . light and sedentary work . . . ." Second, Magistrate Judge opined that "Drs. Witt and Glick offered little objective evidence to support their respective statements of disability . . . ." Under such circumstances, the law within this Circuit declares that these medical opinions need not be given any special weight by an administrative law judge. *Miller v. Sec'y*, 843 F.3d 221, 224 (6th Cir. 1988).

4

In summary, the Court, after having considered Cole's objections to the report of Magistrate Jude Scheer, finds them to be without merit.

V.

For the reasons that have been stated above, and after a careful review of the record in this cause, the Court adopts the report of Magistrate Judge Scheer in full. Therefore, the Commissioner's motion for summary judgment is granted and Cole's motion for summary judgment is denied.

IT IS SO ORDERED.

Dated: September 23, 2008          s/ Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                        United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 23, 2008.

                                          s/ Kay Alford
                                          Case Manager